UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY HOLGUIN, <br> Petitioner, <br> v. <br> DERRAL D. ADAMS, Warden, <br> Respondent. | NO. CV 11-8476-JHN (AGR) <br><br> ORDER TO SHOW CAUSE |

On October 12, 2011, Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears the one-year statute of limitations has expired.

The court, therefore, orders Petitioner to show cause, on or before ***November 21, 2011***, why this court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

///

///

///

///

# I.

# **PROCEDURAL BACKGROUND**

On August 3, 2006, Petitioner was charged with eight counts of willful, deliberate, premeditated attempted murder, each of which was committed for the benefit of a gang, and during the commission of each Petitioner personally used a firearm. *People v. Holguin*, 2007 WL 2483012, *2 (2007).

On December 11, 2006, Petitioner accepted a plea offer. (Petition, Ex. A at A1.) As part of the plea, the government agreed to strike the willful, deliberate, premeditated portion of the eight counts of attempted murder, impose 20-year gun allegations instead of 25 years to life, and impose 10-year gang enhancements. (*Id.* at A3.) The plea bargain thus reduced the period of the sentence and made it determinate rather than indeterminate. (*Id.*) Based on the agreement, Petitioner pled no contest to the charges and admitted the enhancements and was sentenced to 63 years, eight months in prison. (*Id.* at A6-A9.)

On September 5, 2007, the California Court of Appeal dismissed the appeal because Petitioner failed to obtain a certificate of probable cause. *Holguin*, 2007 WL 2483012 at *1. The court also found that Petitioner's counsel below had "complied fully with [his] responsibilities." *Id.* at *4.

Petitioner did not file a petition for review with the California Supreme Court. (Petition at 3.)

On February 25, 2010, the Superior Court denied Petitioner's habeas petition. (*Id.* at 4.)[1] On August 11, 2010, Petitioner filed a habeas petition in the California Court of Appeal, which was denied on September 7, 2010. (*Id.*); California Appeal Courts online docket in Case No. B226474. On October 18, 2010, Petitioner filed a habeas petition in the California Supreme Court, which

---

[1] Petitioner does not state when he filed the petition. (*Id.*)

2

was denied on April 22, 2011. (Petition at 4-5); California Appellate Courts online docket in Case No. S187418.

On August 7, 2011, Petitioner signed the federal petition,[2] which was filed in this court on October 12, 2011. (Petition at 10.)

## II.

## **STATUTE OF LIMITATIONS**

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

**A.    The Date on Which Conviction Became Final – § 2244(d)(1)(A)**

The California Court of Appeal dismissed the appeal on September 5, 2007. (Petition at 3.) Because Petitioner did not file a petition for review, his conviction became final 40 days later on October 15, 2007. *See Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th Cir. 2005). The statute of limitations expired one year later on October 15, 2008. Petitioner mailed the federal petition on October 3, 2011, almost three years later. Absent tolling, the petition is time-barred.

**1.    Statutory Tolling**

The statute of limitations is tolled during the time "a properly filed

---

[2] According to the back of the envelope, Petitioner delivered the petition to prison authorities on October 3, 2011. (Dkt. No. 1 at 56.)

3

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Because Petitioner did not file his first state habeas petition until sometime in late 2009 or early 2010, he is not entitled to statutory tolling. *See Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003) (state habeas petition filed after the limitations period has expired does not revive the expired limitations period).

Absent equitable tolling, the petition is time-barred.

### 2.     Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

There is no indication in the petition that Petitioner is entitled to equitable tolling.

### B.     Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

In the context of an ineffective assistance claim, the statute of limitations may start to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim that his counsel's performance was deficient, or

4

on the date a petitioner discovered (or could have discovered) the factual predicate for prejudice, whichever is later.  *See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Therefore, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  The statute starts to run when the petitioner knows or through diligence could discover the important facts, not when the petitioner recognizes their legal significance.  *Hasan*, 254 F.3d at 1154 n.3.

In Ground One, Petitioner alleges that Ann Krausz, an attorney with the California Appellate Project, was ineffective because she did not request a certificate of probable cause when she filed a notice of appeal on Petitioner's behalf.  (Petition at 5 & Ex. B.)  Thus, at the latest, Petitioner was aware of the factual predicate of his ineffective assistance claim sometime in February 2007 when he received Krausz's letter.

Accordingly, the date of discovery of Ground One does not assist Petitioner as it is earlier than the date the statute of limitations started to run (October 15, 2007) based on the finality of his conviction.

### III.
### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **November 21, 2011**, Petitioner shall show cause, if there be any, why the court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations.

///
///
///
///
///

**Petitioner is also advised that if he fails to timely respond to this Order to Show Cause, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED: October 20, 2011

_/s/ Alicia G. Rosenberg_
ALICIA G. ROSENBERG
United States Magistrate Judge